# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00467-CR

**Amador Fernandez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
### NO. B-14-0676-SA, HONORABLE BEN WOODWARD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal pursuant to *Anders v. California*.[1] Following a bench trial, appellant Amador Fernandez was convicted of the offense of evading arrest and detention with a vehicle.[2] After finding Fernandez guilty, the district court sentenced him to five years' imprisonment. This appeal followed.

At trial, the district court heard evidence that on the night of March 15, 2014, Deputy Jerimie Fry of the Tom Green County Sheriff's Office, while he was on patrol, observed a vehicle "traveling 77 miles an hour in a 40 miles an hour zone." Deputy Fry testified that he proceeded to pursue the speeding vehicle and activate the siren and lights on his marked patrol car. According to Fry, the vehicle did not stop or slow down in response. Instead, Fry explained, the vehicle turned into a residential area and continued speeding until Fry eventually caught up to it and the vehicle

---

[1] 386 U.S. 738 (1967).

[2] *See* Tex. Penal Code § 38.04(b)(2)(A).

pulled over on the side of the road. Fry subsequently arrested the driver of the vehicle, who was identified as Fernandez. Fry testified that Fernandez initially claimed to have been unaware that Fry was following him until near the end of the pursuit. Fry added that Fernandez had been driving with an invalid license and that, during his conversation with Fernandez, Fernandez admitted to Fry that he had drank "approximately six alcoholic beverages prior to our traffic contact." Fry further testified that, once he arrived at the jail with Fernandez, Fernandez admitted to him that he knew Fry had been following him, "but he believed that if he got far enough ahead that [Fry] would discontinue the pursuit and he would not have to be issued a speeding violation." According to Fry, Fernandez was "laughing" and appeared to be "joking around" when he admitted knowing that Fry had been following him and told Fry that, "due to his mental capability . . . that all the charges would be dismissed ultimately."

The defense presented evidence tending to show that Fernandez had been diagnosed with mental retardation. Rita Martinez, an employee at the MHMR office in San Angelo, testified that Fernandez functioned at a social-maturity age level of 8.8 years. Fernandez's cousin, Laura Ortiz, testified that Fernandez would sometimes act "like a child." Fernandez's ex-wife, Tina Fernandez, testified that Fernandez is a good ex-husband and a good father to their children who supports their children "financially, emotionally, [and] physically." Tina also testified that she did not want Fernandez to go to prison and believed that he was capable of following rules.

The district court also considered documentary evidence tending to show that Fernandez had prior convictions for the offenses of theft and driving with an invalid license. There was additional evidence presented that Fernandez had been on probation three times and had his probation revoked on each occasion.

2

Fernandez's court-appointed counsel has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[3] Counsel has certified to the Court that he has provided a copy of the motion and brief to Fernandez, advised Fernandez of his right to examine the appellate record and file a pro se response, and supplied Fernandez with a form motion for pro se access to the appellate record.[4] In response, Fernandez has filed a pro se brief in which he asserts that trial counsel was ineffective.

We have reviewed the record, counsel's brief, and the pro se brief. We agree with counsel that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

Bob Pemberton, Justice

Before Chief Justice Rose, Justices Pemberton and Bourland

Affirmed

Filed:  August 10, 2016

Do Not Publish

_____

[3] *See* 386 U.S. at 744-45; *see also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972).

[4] *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014).